10/15/2015 10:35:34 AM
15CV28008

IN THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WEST LIVAUDAIS, III, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LEGACY HEALTH, an Oregon domestic non-profit organization; LEGACY EMANUEL HOSPITAL & HEALTH CENTER a/k/a LEGACY EMANUEL MEDICAL CENTER, an Oregon domestic nonprofit organization; ERIC CHANG, MD; PACIFIC SURGICAL, PC, an Oregon domestic professional corporation; SETH IZENBERG, MD; AMEEN RAMZY, MD, FACS, MBA; OREGON ANESTHESIOLOGY GROUP, PC, an Oregon domestic professional corporation; MARGARET ALLEN, MD; BEATA ZANONE, MD; RAYANNE DUBOSE, MD; JENNIFER FINLEY, MD; OLIVER GHITEA, MD; AMY GREENE, MD; MATTHEW LAYNE, MD; BRADLEY KINDER, MD, and DOES NO.'S 1-10, individually,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT - MEDICAL MALPRACTICE**<br><br>**PRAYER: $35,033,642.20**<br><br>**FILING FEE: $1,056.00 PER ORS 21.160(1)(e)**<br><br>**JURY TRIAL DEMANDED**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION** |

Plaintiff West Livaudais, III (hereinafter referred to as "Plaintiff") alleges as follows:

**PARTIES**

1.

At all times material herein, Plaintiff was a resident of St. Paul, Marion County, Oregon.

COMPLAINT – MEDICAL MALPRACTICE
– Page 1

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

2.

At all times material herein, Defendant Legacy Health was an Oregon domestic nonprofit corporation licensed to do business in the State of Oregon and engaged in the business of operating hospitals and medical centers in the State of Oregon, including Legacy Emanuel Medical Center.

3.

At all times material herein, Defendant Legacy Health operated and/or was affiliated with and/or did business as Defendant "Legacy Emanuel Hospital & Health Center a/k/a Legacy Emanuel Medical Center" (hereinafter collectively referred to as "Defendants LEMC"), an Oregon domestic nonprofit corporation, a hospital that provides medical care, treatment, testing, diagnostic treatment, and surgery to patients.

4.

At all times material herein, Defendants LEMC employed or otherwise engaged as agents physicians and non-physician employees who provided care including but not limited to surgical treatment, clinical pain management, testing, nursing, physical therapy, occupational therapy, counseling, laboratory services, and surgery, to and for the benefit of patients including Plaintiff.

5.

On or about November 7, 2013, Defendants LEMC began providing healthcare services and treatment to Plaintiff West Livaudais, III, through employees, agents, and/or ostensible agents, including without limitation its nursing staff, occupational therapists, physical therapists, and other healthcare providers including, but not limited to, Defendants Eric Chang, MD; Seth Izenberg, MD; Ameen Ramzy, MD, FACS, MBA; Margaret Allen, MD; Beata Zanone, MD; Rayanne Dubose, MD; Jennifer Finley, MD; Oliver Ghitea, MD; Amy Greene, MD; Matthew Layne, MD; and Bradley Kinder, MD; as well as others employed by Defendants Oregon Anesthesiology Group, PC and Pacific Surgical, PC.

COMPLAINT – MEDICAL MALPRACTICE – Page 2

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

6.

At all times material herein, Defendant Eric Chang, MD (hereinafter "Defendant Dr. Chang") was a physician licensed and practicing in the State of Oregon, holding himself out as qualified and certified in the medical specialty of Internal Medicine and Infectious Disease. Plaintiff was a patient of Defendant Dr. Chang and relied upon him to provide competent and complete medical, surgical, and diagnostic care and services.

7.

At all times material herein, Defendant Dr. Chang was an employee and/or agent of Defendants LEMC and was acting within the course and scope of his employment and/or agency.

8.

At all times material herein, Defendant Pacific Surgical, PC (hereinafter "Defendant Pacific Surgical") was an Oregon domestic professional corporation conducting business in Oregon, holding itself out as specializing in trauma and intensive inpatient care for the citizens and residents of Oregon.

9.

Beginning on November 7, 2013, Defendant Pacific Surgical began providing healthcare services and treatment to Plaintiff West Livaudais, III, through employees, agents, and/or ostensible agents, including, but not limited to, Defendants Seth Izenberg, MD and Ameen Ramzy, MD, as well as others employed by Defendant Pacific Surgical, PC.

10.

At all times material herein, Defendant Seth Izenberg, MD (hereinafter "Defendant Dr. Izenberg") and Defendant Ameen Ramzy, MD, FACS, MBA (hereinafter "Defendant Dr. Ramzy") were physicians licensed and practicing in the State of Oregon, holding themselves out as qualified and certified in the medical specialty of trauma surgery, critical care medicine, and general surgery. Plaintiff was a patient of Defendants Dr. Izenberg and Dr. Ramzy, and relied upon them to provide competent and complete medical, surgical, and diagnostic care and services.

COMPLAINT – MEDICAL MALPRACTICE – Page 3

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 3 of 12 - EXHIBIT 2

11.

At all times material herein, Defendants Dr. Izenberg and Dr. Ramzy were employees and/or agents of Defendants LEMC and/or Pacific Surgical and were acting within the course and scope of their employment and/or agency.

12.

At all times material herein, Defendant Oregon Anesthesiology Group, PC ("Defendant OAG") was an Oregon domestic professional corporation organized under the laws of the State of Oregon, consisting of a medical practice group of physicians licensed to practice medicine in the state of Oregon, practicing within the medical specialty of anesthesiology and practicing at Defendants LEMC, and as the actual and/or apparent agent of Defendants LEMC.

13.

Beginning on November 7, 2013, Defendant OAG began providing healthcare services and treatment to Plaintiff West Livaudais, III, through employees, agents, and/or apparent agents, including, but not limited to, Defendants Margaret Allen, MD; Beata Zanone, MD; Rayanne Dubose, MD; Jennifer Finley, MD; Oliver Ghitea, MD; Amy Greene, MD; Matthew Layne, MD, as well as others employed by Defendant OAG.

14.

At all times material herein, Defendants Margaret Allen, MD; Beata Zanone, MD; Rayanne Dubose, MD; Jennifer Finley, MD; Oliver Ghitea, MD; Amy Greene, MD; and Matthew Layne, MD, were physicians licensed to practice medicine in the State of Oregon and practicing medicine in the medical specialty of anesthesiology through their ownership, employment, and/or agency with Defendant OAG, and as the actual and/or apparent agents of Defendants LEMC and/or OAG, and were acting within the course and scope of their employment and/or agency. Plaintiff was a patient of Defendant Doctors Allen, Zanone, Dubose, Finley, Ghitea, Greene and Layne, and relied upon them to provide competent and complete medical, anesthesiological, and diagnostic care and services.

COMPLAINT – MEDICAL MALPRACTICE – Page 4

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 4 of 12 - EXHIBIT 2

15.

At all times material herein, Defendant Bradley Kinder, MD (hereinafter "Defendant Dr. Kinder") was a provider licensed and practicing in the State of Oregon, holding himself out as qualified and as a resident physician. Plaintiff was a patient of Defendant Dr. Kinder and relied upon him to provide competent and complete medical, surgical, and diagnostic care and services.

16.

At all times material herein, Defendant Dr. Kinder was an employee and/or agent of Defendants LEMC and was acting within the course and scope of his employment and/or agency.

17.

At all times material herein, Defendant Does No.'s 1-10 are individuals whose names and residences are unknown to Plaintiff that include physicians, physicians assistants, physical therapists, occupational therapists and registered nurses, and other healthcare providers who were employees, agents, and/or ostensible agents of Defendants LEMC, Pacific Surgical, and OAG, who provided care including but not limited to surgical treatment, clinical pain management, testing, nursing, physical therapy, occupational therapy, counseling, laboratory services, and surgery, to and for the benefit of patients including Plaintiff from November 7, 2013 to December 9, 2013.

**GENERAL ALLEGATIONS**

18.

Plaintiff was in Guatemala serving local families through Medical Teams International as a manager for a program aimed to reduce the barriers to health services through education, when, on November 3, 2013, Plaintiff was struck by a vehicle and severely injured.

19.

Locals transported Plaintiff to the nearest medical clinic, where he was initially treated, sent on by ambulance to the National Hospital in San Benito, and flown the next day to Herrera

COMPLAINT – MEDICAL MALPRACTICE – Page 5

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Llerandi Hospital in Guatemala City. On November 6, 2013, due to the nature of his injuries and the need for surgery, Plaintiff was airlifted to Defendant LEMC, having suffered a broken hip, lacerations and contusions, and broken ribs. As he was airlifted to Portland, Plaintiff was in pain, but he was not sick and positively not paralyzed.

20.

Upon arrival at Defendant LEMC, Plaintiff's condition was not life-threatening. At the time of admission to Defendant LEMC through the time of his hip surgery on November 8, 2013, Plaintiff had completely normal neurological function in his extremities and had no signs whatsoever of infection.

21.

Plaintiff's course of treatment at Defendant LEMC prior to his hip surgery of November 8, 2013 included placement of an epidural catheter in his lower back to administer the anesthetic medication Ropivacaine. The catheter was placed by Defendant Dr. Jennifer Finley. Plaintiff then underwent surgery for his hip dislocation and fracture.

22.

During the seven days between Plaintiff's hip surgery on November 8, 2013 and his emergency surgery on November 15, 2013, Plaintiff's condition worsened, including the emergence of neurological problems, back pain and signs of severe infection. During this time Plaintiff's care was hallmarked by long stretches of inattention by any doctors, physician assistants, therapists or other medical providers. During this time, Defendants failed to appreciate Plaintiff's rising neurological deficits, including numbness in his toes and feet, loss of function in his abdominal tract, loss of feeling, and ultimately paralysis in his legs, loss of motor function in his upper extremities, and finally labored breathing.

23.

Defendants chart notes for the seven day time period between Plaintiff's surgeries are inconsistent and demonstrate a lack of communication between the various doctors, physician assistants, therapists, nurses and other medical personnel that attended to Plaintiff, at times even

COMPLAINT – MEDICAL MALPRACTICE – Page 6

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 6 of 12 - EXHIBIT 2

1 amounting to complete ignorance of Plaintiff's severe and debilitating complications.

24.

2

3 On November 15, 2013, Plaintiff underwent an MRI of his spine which documented the cause of his increasing paralysis - a spinal epidural abscess that stretched from C4 in his neck to the L3 vertebral level in his lower back, involving 19 vertebrae. Plaintiff was rushed to surgery an hour later. Surgery revealed a 17-inch long infection that crushed Plaintiff's spine, leaving him paralyzed for life.

25.

Following his emergency surgery on November 15, 2013, Plaintiff required being in the hospital 34 more days, enduring several resultant complications, including a serious gaping decubitis ulcer.

26.

Since being discharged from Defendant LEMC, in addition to continuing and ongoing medical treatment, Plaintiff has endured nearly two years of counseling, therapy and training to cope with his physical, mental and emotional conditions as he is permanently paralyzed from the chest down through his lower extremities.

**INJURIES CAUSED BY DEFENDANTS**

27.

When Plaintiff arrived via airlift at Defendant LEMC's premises on November 6, 2013, he was diagnosed with various contusions, rib fractures, and a fractured hip. When he was discharged from Defendant LEMC 34 days later on December 9, 2013, Plaintiff was paralyzed from the chest down and was suffering from a gaping decubitis ulcer. In addition, Plaintiff had or was suffering from the following conditions: Hypoxemia; Bandemia; Pseudomonas infection; Dysphagia; Orthostatic hypotension; Neurogenic bladder, NOS; Retention of urine, unspecified; Hypopotassemia; Acute respiratory failure; Intraspinal abscess; Unspecified protein-calorie malnutrition; Acute infective polyneuritis; Acute posthemorrhagic anemia; Hyposmolality

COMPLAINT – MEDICAL MALPRACTICE – Page 7

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

and/or Hyponatremia; Spondylosis with myelopathy in the cervical, thoracic and lumbar regions; Neurogenic bowel; and Paralytic ileus.

**MEDICAL NEGLIGENCE**

28.

Defendant Eric Chang, MD, was negligent in one or more of the following ways:

(a) In failing to meet the standard of care required of an Infectious Disease doctor when he failed to recognize the signs and symptoms of Plaintiff's spinal infection.

(b) In failing to appropriately examine Plaintiff and in failing to use appropriate clinical judgment by failing to order diagnostic testing in a timely manner. This breach of the standard of care caused a delay in diagnosis of a life-threatening condition. This delay in diagnosis caused Plaintiff to be permanently paralyzed from the chest down.

29.

Defendants Seth Izenberg, MD, and Ameen Ramzy, MD, FACS, MBA, were each negligent in one or more of the following ways:

(a) As the attending physicians, in failing to properly monitor and direct the care of Plaintiff.

(b) By their over reliance on Physician Assistants during Plaintiff's stay at Defendant LEMC.

(c) In failing to use appropriate clinical judgment when assessing Plaintiff's condition, allowing a life-threatening infection to fester in Plaintiff's body until he almost died and was rendered permanently paralyzed.

(d) In failing to properly physically examine Plaintiff.

(e) In failing to order appropriate diagnostic testing in a timely manner.

(f) In failing to monitor and analyze the data being collected by their subordinates, and other personnel providing care to Plaintiff, including without limitation, other Defendant Pacific Surgical employees and Defendant LEMC employees.

COMPLAINT – MEDICAL MALPRACTICE – Page 8

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

30.

Defendant Doctors Margaret Allen, MD; Beata Zanone, MD; Rayanne Dubose, MD; Jennifer Finley, MD; Oliver Ghitea, MD; Amy Greene, MD; and Matthew Layne, MD, were negligent in one or more of the following ways:

(a) In failing to use appropriate clinical judgment when selecting pain management techniques to use on Plaintiff.

(b) In failing to recognize the emergence of a fulminating spinal infection which nearly killed and ultimately paralyzed Plaintiff.

(c) In failing to order adequate testing to rule out spinal cord compression associated with a space-occupying mass associated with fever of unknown origin, elevated white blood cell count, ascending paralysis, and back pain.

(d) In failing to use appropriate clinical judgment when assessing obvious compromise by ruling out all competing causes of neurologic compromise by altering pain management technique and failing to consider complication of all diagnosis and medical interventions.

(e) In demonstrating lack of awareness of total clinical picture by not effectively appreciating or communicating with other health care providers, including without limitation, other anesthesiologists, nurses, physical therapists, and occupational therapists.

(f) In failing to adequately assess and examine Plaintiff while under their care.

31.

Defendant Bradley Kinder, MD, was one of the attending physicians of Plaintiff and, as such, had the responsibility to diagnose and treat Plaintiff. Dr. Kinder was negligent in one or more of the following ways:

(a) In failing to diagnose Plaintiff's condition despite numerous clinical signs.

COMPLAINT – MEDICAL MALPRACTICE – Page 9

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 9 of 12 - EXHIBIT 2

(b)  In failing to recognize the emergence of a fulminating spinal infection which nearly killed and ultimately paralyzed Plaintiff.

(c)  In failing to order appropriate diagnostic imaging which would have shown the life-threatening closed-space spinal epidural abscess.

32.

Defendant LEMC's Nursing Staff, and Does No.'s 1-10, breached the standard of care and were negligent in one or more of the following ways:

(a)  In not being aware of side effect profile of medications being given to Plaintiff and inappropriately attributing emerging paralysis to medications side effects.

(b)  In failing to communicate with medical personnel regarding deterioration of Plaintiff's condition and/or failing to recognize the deterioration of Plaintiff's condition.

(c)  In failing to adequately prevent a bed-ridden patient from preventable complication of paralysis.

(d)  In showing lack of clinical judgment in coordinating hospital care of patient, effectively delaying diagnosis of spinal infection that almost killed and ultimately paralyzed Plaintiff. Specifically, not having an MD assess patient numerous times during his time at Defendant LEMC and not orchestrating diagnostic testing in a timely manner.

## DAMAGES

33.

As a direct and foreseeable result of the combined and/or individual negligence of the Defendants as alleged above, Plaintiff has suffered severe, life-changing, debilitating and permanent injuries requiring him to endure surgical and medical diagnostic and therapeutic procedures, and rendering him permanently paralyzed and unable to use his body or extremities below the level of his mid-chest. These injuries have caused, and will continue to cause in the

COMPLAINT – MEDICAL MALPRACTICE – Page 10

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 10 of 12 - EXHIBIT 2

future, Plaintiff to suffer physical pain, extreme mental and emotional stress, loss of function, humiliation, embarrassment, fear, and loss of enjoyment of life, all of which will continue on a permanent basis, to his non-economic damages in the amount of $26,900,000.00.

34.

As a further direct and foreseeable result of the combined and/or individual negligence of Defendants as alleged above, Plaintiff was caused to incur past, and will incur future medical, surgical, diagnostic and therapeutic procedures, treatments, and life-care provisions, and expenses associated with all of them, to his economic damages in the approximate amount of $963,517.20 in past medical care, and approximately $5,476,694.00 in future medical and life-care expenses.

35.

As a further direct and foreseeable result of the combined and/or individual negligence of Defendants as alleged above, Plaintiff has suffered and will suffer past wage loss and future lost earning capacity to his economic damages in the approximate amount of $1,693,431.00.

WHEREFORE, Plaintiff prays for judgment in his favor, and against Defendants, and each of them jointly and severally, as follows:

(a) Non-economic damages in the amount of $26,900,000.00;

(b) Economic damages for reasonable and necessary medical expenses in excess of $963,517.20, subject to amendment for medical expenses incurred up to and including the time of trial;

(c) Economic damages for future medical expenses and life-care expenses in the approximate amount of $5,476,694.00;

(d) Economic damages for past wage loss, and future lost earning capacity in the amount of $1,693,431.00;

COMPLAINT – MEDICAL MALPRACTICE – Page 11

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

1  (e)  For costs and disbursements incurred in bringing this action; and

2  (f)  For such other relief as this court deems necessary and proper.

3  DATED this 14th day of October, 2015.

NICHOLS & ASSOCIATES

/s/ *Craig A. Nichols*
Craig A. Nichols, OSB No. 830700
Of Attorneys for Plaintiff


NELSON BLAIR LANGER ENGLE, PLLC

*[signature]*

Fred P. Langer, OSB No. 021813
Aaron I. Engle, WSBA No. 37955
Of Attorneys for Plaintiff

Trial Attorney: Craig A. Nichols, OSB No. 830700
Fred P. Langer, OSB No. 021813

COMPLAINT – MEDICAL MALPRACTICE – Page 12

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE, PLLC
12055 15th Avenue NE
Seattle, Washington 98125
206/623-7520

Page 12 of 12 - EXHIBIT 2